**The document below is hereby signed.**

**Dated: October 31, 2011.**



_____
**S. Martin Teel, Jr.**
**U.S. Bankruptcy Judge**

```
            UNITED STATES BANKRUPTCY COURT
             FOR THE DISTRICT OF COLUMBIA

In re                          )
                               )
ROBIN LATTIMORE,               )    Case No. 11-00562
                               )    (Chapter 7)
          Debtor.              )    Not for Publication in
                               )    West's Bankruptcy Reporter
```

MEMORANDUM DECISION AND ORDER DENYING MOTION FOR RECONSIDERATION

On September 8, 2011, Flagstar Bank, FSB filed a motion for relief from stay to permit it to enforce a lien (a deed of trust) against the debtor's real property securing payment of a monetary obligation.  The debtor failed to respond, and the court granted the relief as unopposed.  On October 7, 2011, the debtor filed a praecipe, and the court will treat that praecipe as a motion for reconsideration of the order granting relief from stay.

I

In her motion, the debtor explains that a computer glitch erroneously caused a property tax bill for $14,000 to be sent to Flagstar Bank, which in turn gave rise to confusion regarding the debtor's monthly payment obligation to Flagstar.  Subsequently, the debtor and Flagstar engaged in discussions regarding a

possible loan modification, to no avail.  The debtor concedes that she is $25,000 behind in payments and that she does not have the funds to cure the deficiency.  Likewise, she does not challenge the allegations of the motion for relief from stay.  The trustee has not seen fit to oppose the motion for relief from the automatic stay, and the debtor has not identified any reason why the automatic stay should have been kept in place.  Without the trustee seeing fit to administer the real property, and there being no other bankruptcy process being brought to bear regarding the real property (see parts II and III, below), the court appropriately lifted the automatic stay to relegate the debtor and Flagstar to their rights under, and the processes of, nonbankruptcy law regarding the real property.

To elaborate, the automatic stay preserved the status quo while the trustee determined whether to administer the real property (and preserved the status quo, if the debtor had opted to proceed under chapter 11 or chapter 13 of the Bankruptcy Code, in order to protect the debtor's right to utilize any tools available under chapters 11 and 13 to address her mortgage arrears).  Now that there is no identified bankruptcy process to be protected by the continuation of the automatic stay, there is no reason why the automatic stay ought to remain in place.

II

The debtor appears eager to enter into a loan modification

with Flagstar, but that is between the debtor and Flagstar, and not a form of relief this court can grant.  By being in a chapter 7 case, the debtor has not enhanced her nonbankruptcy law rights as against Flagstar *as the holder of a secured claim against the debtor's real property*.  In other words, in a chapter 7 case the Bankruptcy Code does not confer on a bankruptcy court a power, not existing outside of bankruptcy, to modify the rights of a creditor with respect to its lien rights as a creditor holding a security interest on a debtor's real property.[1]  The debtor's discharge will not alter Flagstar's right to enforce its lien, although it will protect the debtor to the extent that Flagstar becomes an unsecured creditor.[2]  If nonbankruptcy law confers on the debtor a right to obtain an order compelling a modification of the deed of trust, she is free to pursue such a right outside of this court, but this court lacks subject matter jurisdiction to enforce such a right.  The trustee has already filed a report of no distribution, signaling that he does not wish to administer

---

[1] In contrast, 11 U.S.C. §§ 506(a)(2) and 722 confer a right on a debtor to redeem tangible personal property from a lien, in certain instances, by paying the lienholder the full amount of the allowed secured claim of the lienholder based on the replacement value of the property.

[2] The discharge will protect her from the debt being collected as a personal obligation should the property be sold at a foreclosure sale for less than the amount of the obligation secured by the property.  Collection of any shortfall at such a sale will be barred by the discharge injunction (because the shortfall would be an unsecured claim).

3

the real property, and did not oppose the motion for relief from the automatic stay. Accordingly, compelling a modification of the mortgage (a right that would not arise under the Bankruptcy Code) would have no impact on the trustee's administration of the estate. It follows that this court would lack subject matter jurisdiction to enforce such a right. *See Ostroff v. Am. Home Mortg. (In re Ostroff)*, 433 B.R. 442 (Bankr. D.D.C. 2010).

III

Similarly, the debtor also may be requesting this court to determine how much is actually owed to the creditor based on the computer glitch regarding real estate taxes, but this court lacks subject matter jurisdiction to adjudicate that issue. Again, the trustee has already filed a report of no distribution, signaling that he does not wish to administer the real property. Accordingly, adjudication of how much is owed to Flagstar would have no impact on the trustee's administration of the estate. It follows that this court would lack subject matter jurisdiction to adjudicate that issue. The debtor's status as a debtor in a bankruptcy case in which there will be no distribution to creditors is not a sufficient ground, without more, to make a proceeding to determine the amount of a creditor's claim a proceeding arising in or related to the bankruptcy case within the meaning of 28 U.S.C. § 1334(b). *See In re Ostroff*, 433 B.R. at 449-50. The debtor remains free to proceed in a forum of

appropriate jurisdiction to request an adjudication of the amount of the debt that is secured by the creditor's deed of trust.

IV

It is thus

ORDERED that the motion for reconsideration (Dkt. No. 34) is DENIED.

[Signed and dated above.]

Copies to: Debtor; Chapter 7 Trustee; Office of United States Trustee; Richard Rogers.

5